# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# EASTERN DIVISION

| | |
|---|---|
| BRADLEY HERRING,<br><br>        Plaintiff,<br>vs.<br><br>CAROLYN W. COLVIN,<br>Acting Commissioner of Social Security,<br><br>        Defendant. | No. 15-CV-1021-CJW<br><br><br>**MEMORANDUM OPINION AND ORDER** |

_____

      Plaintiff, Bradley Van Herring (claimant), seeks judicial review of a final decision of the Commissioner of Social Security (the Commissioner) denying his application for Social Security disability insurance benefits pursuant to Title II of the Social Security Act, 42 U.S.C. § 401 *et seq.* (Act). Claimant contends the Administrative Law Judge (ALJ) erred in determining he was not disabled. Doc. 10. Specifically, claimant argues: (1) the ALJ erred when he did not find claimant had a hearing loss equal to a listed disability; (2) the ALJ erred when he found claimant could work in an environment with moderate exposure to noise; and (3) the ALJ erred in relying on testimony from the vocational expert that claimant could perform his past relevant work because that work, as claimant performed it, required hearing.

      For the reasons that follow, the court finds that substantial evidence in the record as a whole supports the ALJ's decision. Therefore, the court affirms the Commissioner's decision.

# I. PROCEDURAL HISTORY

On June 20, 2012, claimant filed an application for disability benefits alleging disability since June 17, 2012, due to hearing loss. AR 133-34. The Commissioner denied claimant's application initially and upon reconsideration. AR 18. Claimant requested a hearing, so on September 25, 2013, an ALJ held a video hearing at which claimant and a vocational expert testified. AR 32-51. On December 23, 2013, the ALJ issued a decision finding claimant was not disabled. AR 18-27. On May 22, 2015, the Appeals Council denied claimant's request for review. AR1-5.

On July 20, 2015, claimant filed suit in federal court seeking judicial review. Doc. 1. On October 9, 2015, with the consent of the parties, the Honorable Chief Judge Linda R. Reade transferred this case to a United States Magistrate Judge for final disposition and entry of judgment. Doc. 8. By March 28, 2016, the parties had fully briefed the matter and this case was deemed ready for decision. AR 13.

# II. RELEVANT FACTS

Claimant was 49 years old at the time of the Commissioner's final decision. AR 35. Claimant graduated from high school and college, and earned a Master's of Business Administration degree. *Id*. He has past relevant work as a mechanical engineer, quality engineer, a quality manager, and a salesman. AR 47-48, 167.

At the time of the hearing, claimant had a driver's license and drove himself where he needed to go with the only restriction that his car is equipped with outside mirrors. AR 36. He lived alone in an apartment, prepared his own meals, cleaned his own laundry, and shopped on his own as needed. AR 38. Claimant described himself as "into fitness," and testifies that he "lifts weights," and "exercises." AR 43. He planned on getting married the following year. *Id*.

Claimant could hear the ALJ during the hearing because he could look at the ALJ's face on the monitor, had the volume turned up on the equipment, and wore hearing aids. *Id*. Claimant testified he had the ability to hear low frequencies, which he described as "1,000 hz on down." *Id*. The human voice normally falls between 500 and 5,000 hz. AR 37. Claimant testified that the effort of listening and reading faces wore him down, but "[i]f there's no interactive communication requirement, then I pretty much can do a full day's type activity." AR 37, 39. He testified he did "fairly well, particularly [with] one-on-one, face-to-face" communication. AR 39. Claimant testified that, as a result of his hearing loss, he also suffered from depression. AR 42. Claimant testified he took a prescription antidepressant for this condition. AR 43.

The ALJ posited hypothetical questions to the vocational expert, which described a worker with "not more than occasional need for conversation during the work day and must be at a face-to-face with the person." AR 48. The AR testified that claimant could perform past relevant work as a mechanical engineer technician. AR 47-48. The vocational expert also testified that there were other jobs in the national economy that claimant could also perform, including as general office clerk, COD clerk, billing and postal clerk, and checker II (basically proofreader). AR 48. In response to a question from claimant's attorney, the vocational expert testified that if the individual "would be off-task a third of the day or more" due to fatigue, then that person would be precluded from competitive employment. AR 49.

In his decision, the ALJ found claimant had a severe impairment of bilateral sensorineural hearing loss. AR 20. The ALJ found that claimant's asserted mental problems were not severe as they did not affect his daily living or cause anything more than mild limitations on functioning. AR 21-22. The ALJ further concluded that claimant's impairments did not equal the severity of one of the listed impairments. AR 22. This included a determination that claimant's hearing loss did not "meet a listing

3

such as 2.10." *Id*. Regarding claimant's residual functional capacity (RFC), the ALJ found claimant could "perform a full range of work at all exertional levels with no mental limitations and no physical limitations, but should have no more than moderate exposure to noise or hazards, and no need to carry on a conversation or hear as part of the job task." AR 23. Comparing claimant's residual functional capacity with the requirements of claimant's past work as a mechanical engineer technician, the ALJ concluded claimant could perform this past relevant work. AR 27. The ALJ determined that job involved a moderate noise level and did not require hearing, relying on testimony from the vocational expert. *Id*.

### III. THE SUBSTANTIAL EVIDENCE STANDARD

The Commissioner's decision must be affirmed "if it is supported by substantial evidence on the record as a whole." *Pelkey v. Barnhart*, 433 F.3d 575, 577 (8th Cir. 2006); *see* 42 U.S.C. § 405(g) ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . ."). "Substantial evidence is less than a preponderance, but enough that a reasonable mind might accept as adequate to support a conclusion." *Lewis v. Barnhart*, 353 F.3d 642, 645 (8th Cir. 2003). The Eighth Circuit explains the standard as "something less than the weight of the evidence and [that] allows for the possibility of drawing two inconsistent conclusions, thus it embodies a zone of choice within which the [Commissioner] may decide to grant or deny benefits without being subject to reversal on appeal." *Culbertson v. Shalala*, 30 F.3d 934, 939 (8th Cir. 1994).

In determining whether the Commissioner's decision meets this standard, the court considers "all of the evidence that was before the ALJ, but it [does] not re-weigh the evidence." *Wester v. Barnhart*, 416 F.3d 886, 889 (8th Cir. 2005). *See also Baldwin v. Barnhart*, 349 F.3d 549, 555 (8th Cir. 2003) (holding that the reviewing court does

4

not "reweigh the evidence presented to the ALJ") (citing *Bates v. Chater*, 54 F.3d 529, 532 (8th Cir. 1995)). Nor does the court "review the factual record de novo." *Roe v. Chater*, 92 F.3d 672, 675 (8th Cir. 1996) (citing *Naber v. Shalala*, 22 F.3d 186, 188 (8th Cir. 1994)). Rather, the court considers both evidence which supports the Commissioner's decision and evidence that detracts from it. *Kluesner v. Astrue*, 607 F.3d 533, 536 (8th Cir. 2010). *See also Sobania v. Sec'y of Health & Human Servs.*, 879 F.2d 441, 444 (8th Cir. 1989) (holding that, in evaluating the evidence in an appeal of a denial of benefits, the court must apply a balancing test to assess any contradictory evidence).

The court must "search the record for evidence contradicting the [Commissioner's] decision and give that evidence appropriate weight when determining whether the overall evidence in support is substantial." *Baldwin*, 349 F.3d at 555 (citing *Cline v. Sullivan*, 939 F.2d 560, 564 (8th Cir. 1991)). If, after reviewing the evidence, the court finds it "possible to draw two inconsistent positions from the evidence and one of those positions represents the Commissioner's findings, [the court] must affirm the [Commissioner's] denial of benefits." *Kluesner*, 607 F.3d at 536 (quoting *Finch v. Astrue*, 547 F.3d 933, 935 (8th Cir. 2008)). This is true even in cases where the court "might have weighed the evidence differently." *Culbertson*, 30 F.3d at 939 (quoting *Browning v. Sullivan*, 958 F.2d 817, 822 (8th Cir. 1992)). The court may not reverse the Commissioner's decision "merely because substantial evidence would have supported an opposite decision." *Baker v. Heckler*, 730 F.2d 1147, 1150 (8th Cir. 1984); *see Goff v. Barnhart*, 421 F.3d 785, 789 (8th Cir. 2005) ("[A]n administrative decision is not subject to reversal simply because some evidence may support the opposite conclusion.").

## IV. DISCUSSION

Claimant argues that the ALJ's conclusion that claimant can perform past relevant work is not supported by substantial evidence on the record as a whole. Claimant first argues that the ALJ erred when he failed to conclude that claimant has a medical condition equal to a listed disability for deafness.[1] Doc. 10, at 7-13. Claimant also argues the ALJ's conclusion that claimant can work in an environment with moderate background noise is not supported by the substantial evidence. Doc. 10, at 13-19. Finally, claimant argues the vocational expert's testimony about "what constitutes [claimant's] past work is facially inconsistent with the record and is not susceptible to judicial review." Doc. 10, at 19-23. The court will address each of these claimed errors in turn.

### A. *Whether there is medical evidence claimant has a hearing loss equivalent to a listed impairment.*

Claimant argues that because the ALJ found claimant "can only perform work that does not require hearing or conversation," and work like this "could be performed by those who are totally deaf," and "those who are totally deaf are prevented from doing any gainful activity and would therefore be considered disabled," the ALJ, therefore, should have found claimant disabled. Doc. 10, at 7. This argument fails as a logical fallacy, and also fails as a matter of fact and law.

Claimant's "if A equals B, and B equals C, then A equals C" argument reminds the court of a basic college course on logic. "If a fish lives in water, and a whale lives in water, therefore a whale must be a fish," is an example of a logical fallacy. Claimant

---

[1] The court agrees that claimant's repeated use of variations on the word "deaf" are misplaced because that term is not used in the regulations. Doc. 12, at 6. The court uses the term here only when referencing claimant's argument.

engages in a similar logical fallacy. Simply because claimant can only work a job where hearing and conversation are not necessary, and deaf people can also work in such a job, does not mean that claimant is deaf. Using a different physical limitation makes the fallacy perhaps more obvious. Simply because a person can only work a job that requires only one hand, and an amputee has only one hand, does not mean that the person working the job is an amputee.

Logical fallacy aside, claimant's argument also fails because the law requires he provide medical evidence demonstrating he has an impairment equal to a listed impairment, and there is no medical evidence of the sort. Where, as here, the ALJ found claimant has a severe impairment, then the ALJ must determine its medical severity. If the impairment meets or equals one of the presumptively disabling impairments listed in the regulations, then the claimant is considered disabled regardless of age, education, and work experience. 20 C.F.R. §§ 416.920(a)(4)(iii), 416.920(d); *see Kelley v. Callahan*, 133 F.3d 583, 588 (8th Cir. 1998). Claimant bears the burden of showing medical evidence that his impairment met or equaled a listed impairment. *Johnson v. Barnhart*, 390 F.3d 1067, 1070 (8th Cir. 2004).

Claimant has not provided medical evidence of a hearing impairment equal to or greater than the listed hearing impairment that would make him disabled without further analysis. It is not enough to point to the ALJ's residual functional capacity finding. Even if the court interpreted the ALJ's RFC finding as equating claimant to a person with a listed impairment, it does not make it so any more than if the ALJ stated the claimant was an amputee, when he was not.

A listed impairment describes a physical or mental condition that is so limiting that a person meeting the criteria is deemed disabled without further analysis. *Sullivan v. Zebley*, 493 U.S. 521, 530 (1990). *See also* 20 C.F.R. § 404.1525(a) (stating that a listed impairment is one the Commissioner considers "to be severe enough to prevent an

individual from doing any gainful activity, regardless of his or her age, education, or work experience."). "Each impairment is defined in terms of several specific medical signs, symptoms, or laboratory test results." *Zebley*, 493 U.S. at 530. "For a claimant to qualify for benefits by showing that his unlisted impairment, or combination of impairments, is 'equivalent' to a listed impairment, he must present medical findings equal in severity to *all* the criteria for the one most similar listed impairment." 493 U.S. at 531 (emphasis original).

Listing 2.10 provides that a person is presumed disabled if the person's tested hearing ability falls below specified thresholds.[2] Claimant admits that he did not meet these thresholds. Doc. 10, at 10 (claimant's hearing test values "are greater than listing level"). Claimant argues, though, that his hearing loss is equivalent to the listed impairment at 2.10. Medical equivalence "must be based on medical findings"; "[a] generalized assertion of functional problems is not enough to establish disability at step three." *Tackett v. Apfel*, 180 F.3d 1094, 1100 (9th Cir. 1999) (citing § 404.1526).

The medical evidence in the record fails to support claimant. The ALJ reviewed the opinions of all of the medical professionals. AR 24-26. The ALJ gave some weight to the examining doctors, although audiologists Stacey Rebal, Au.D., and Monica Duve, Au.D., are not acceptable medical sources according to regulations. AR 26. The ALJ gave the "greatest weight" in his analysis to consulting State agency physicians, Melodee Woodard, M.D., and Rene Staudacher, D.O. AR 26. A medical consultant's opinion is an expert opinion from a highly qualified source that the ALJ must consider. *See* 20

---

[2] Listing 2.10 requires proof of (a) an average air conduction hearing threshold of 90 decibels or greater in the better ear and an average bone conduction hearing threshold of 60 decibels or greater in the better ear, or (b) a word recognition score of 40 percent or less in the better ear determined using a standardized list of phonetically balanced monosyllabic words. 20 C.F.R. Pt. 404, Subpt. P, App'x 1, § 2.10.

C.F.R. § 404.1527(f)(2); *see also* SSR 96-6p, 1996 WL 374180 (July 2, 1996). When assessments of state agency medical consultants are consistent with other medical evidence in the record, as is the case here, they can provide substantial evidence supporting the ALJ's residual functional capacity assessment. *See Stormo v. Barnhart*, 377 F.3d 801, 807-08 (8th Cir. 2004). Claimant does not claim the ALJ erred in the weight he assigned to the opinions of the various medical professionals.

The consulting physicians, Drs. Woodard and Staudacher, "had access to the entire medical records except the more recent opinions of audiologist Duve who is not an acceptable medical source." AR 26. These doctors reviewed records from audiologists Stacy Rebal, Au.D., and Patricia Chou, Au.D, and physicians Bruce Gantz, M.D., and Craig Heather, M.D., along with claimant's statements and claimant's "3rd party." AR 60-61. Drs. Woodard and Staudacher extensively reviewed and discussed claimant's hearing tests and treatment and concluded claimant did not have impairments equivalent to Listing 2.10. AR 60-61, 72-73, 75.

There are few reported decisions discussing the Listing 2.10, and even fewer addressing the issue of a claimant attempting to show equivalent impairments. Those that exist, however, reinforce the conclusion that a claimant must come forward with medical evidence showing equivalent hearing loss. *See*, *e.g.*, *Reid v. Colvin*, No. 15-416 (JLL), 2015 WL 5895389, at *9 (D.J.J. Oct. 5, 2015) (finding the claimant failed to provide medical evidence showing his impairment equaled those in Listing 2.10); *Matthew v. Colvin*, 13-CV-5336 (SJF), 2015 WL 5098662, at *6 (E.D.N.Y. Aug. 31, 2015) (same); *Brown v. Colvin*, 3:15CV00002-BD, 2015 WL 4430426, at * 2 (E.D. Ark. July 20, 2015) (same); *Sanders v. Colvin*, No. 7:14-CV-00096, 2105 WL 5674901, at *7 (W.D.Va. Sept. 25, 2015) (claimant found to meet burden by production of medical opinion stating that his impairment was equal to that in Listing 2.10).

Claimant has simply failed to carry his burden of coming forward with medical evidence showing that his hearing impairment was equal to or greater than that in Listing 2.10. Claimant's mantra that the ALJ's residual functional capacity limitations are such that a deaf person could perform the job does not constitute medical evidence that claimant is deaf. In contrast, there is substantial evidence in the record as a whole to support the ALJ's conclusion that claimant's hearing impairment did not equal those in Listing 2.10.

### *B. The ALJ's finding that claimant can perform work with moderate noise.*

Claimant argues the ALJ's residual functional capacity finding is not supported by substantial evidence. Doc. 10, at 13-19. Claimant agrees that the RFC finding that he is limited to jobs which do not require hearing or conversation is supported by substantial evidence. Doc. 10, at 13. Claimant takes issue, however, with the RFC finding to the extent that it allows for claimant to work in conditions of moderate exposure to noise. Doc. 10, at 13-14. Claimant argues that he testified that even slight background noises interfere with his ability to concentrate and comprehend. Doc. 10, at 13-16. He also argues that the ALJ's findings conflict with the medical evidence. Doc. 10, at 16-17.

If, as here, the ALJ found claimant's impairment was severe, but did not meet or equal one of the presumptively disabling impairments, then the ALJ must assess the claimant's residual functional capacity and the demands of his past relevant work. "RFC is a medical question defined wholly in terms of the claimant's physical ability to perform exertional tasks or, in other words, what the claimant can still do despite his or her physical or mental limitations." *Lewis*, 353 F.3d at 646 (internal quotation marks omitted); *See* 20 C.F.R. § 416.945(a)(1). The RFC is based on all relevant medical and other evidence. 20 C.F.R. § 416.945(a)(3). The claimant's RFC is "what [the claimant]

can still do" despite his or her "physical or mental limitations." 20 C.F.R. § 404.1545(a)(1).

"The ALJ must determine a claimant's RFC based on all of the relevant evidence." *Fredrickson v. Barnhart*, 359 F.3d 972, 976 (8th Cir. 2004). This includes "an individual's own description of [her] limitations." *McGeorge v. Barnhart*, 321 F.3d 766, 768 (8th Cir. 2003) (quoting *McKinney v. Apfel*, 228 F.3d 860, 863 (8th Cir. 2000)). *See also Papesh v. Colvin*, 786 F.3d 1126, 1131 (8th Cir. 2015) (an ALJ is required to "determine the claimant's RFC based on all relevant evidence, including medical records, observations of treating physicians and others, and claimant's own descriptions of [her] limitations.").

A claimant's RFC "is a medical question," *Lauer v. Apfel*, 245 F.3d 700, 704 (8th Cir. 2001), and must be supported by "some medical evidence." *Dykes v. Apfel*, 223 F.3d 865, 867 (8th Cir. 2000) (per curiam). The medical evidence should address the claimant's "ability to function in the workplace." *Lewis*, 353 F.3d at 646. Nevertheless, a residual functional capacity determination is not a medical opinion, but is an administrative assessment, based on all the evidence of record, of the extent that a claimant's impairments and related symptoms affect his capacity to perform work-related activities on a regular and continuing basis. 20 C.F.R. § 404.1545; SSR 96-8p, 1996 WL 374184, at *2. Thus, it is the ALJ, not a physician, who has the sole responsibility for determining the claimant's residual functional capacity. *See Stormo*, 377 F.3d at 807; 20 C.F.R. § 404.1527(e)(2); SSR 96-5p, 1996 WL 374183, at *2. If claimant cannot perform his past relevant work, then the Commissioner considers him disabled. 20 C.F.R. §§ 416.920(a)(4)(iv), 416.945(a)(4). Past relevant work is any work the claimant has done within the past 15 years of her application that was substantial gainful

activity and lasted long enough for the claimant to learn how to do it.  20 C.R.F. § 416.960(b)(1).

The ALJ found claimant could perform a full range of work, but should have no more than moderate exposure to noise.  AR 23.  Claimant has the burden to prove his residual functional capacity prevents him from performing past relevant work.  *See, e.g., Vossen v. Astrue*, 612 F.3d 1011, 1016 (8th Cir. 2010) (holding that claimant has the burden to prove his residual functional capacity); *Harris v. Barnhart*, 356 F.3d 926, 930 (8th Cir. 2004) (same).  Claimant has failed to carry this burden.  As related above, the ALJ evaluated all of the medical evidence and found that claimant's hearing loss did not equal a listed impairment.  In determining claimant could work in an environment with moderate exposure to noise, the ALJ relied upon the testimony of the vocational expert.  She testified that claimant had past relevant work as a mechanical engineering technician, which had an average noise level of 3, with no more than moderate exposure to noise.  AR 46-48, 258.  Noise level 3 is "moderate," equivalent to light traffic, a department store, a grocery store, a fast food restaurant after hours, or a business office where typewriters are used.  AR 46.  In response to a hypothetical question, the vocational expert testified claimant could work in this noise environment.  AR 48.[3]

The medical evidence does not support claimant's assertion that moderate exposure to noise impairs his ability to concentrate.  Claimant's daily activities included shopping, driving, and other activities which constituted moderate exposure to noise levels with no evidence it significantly affected his ability to concentrate.  AR 21, 26, 36, 39.  *See Barnett v. Barnhart*, 362 F.3d 1020, 1023 (8th Cir. 2004) (holding that claimant's daily

---

[3] Claimant relies in part on a portion of the vocational expert's testimony about noise levels which was in response to background questions, did not form complete sentences, and is not intelligible.  AR 46.  As such, it does not support claimant's argument.

12

activities demonstrated the ability to perform past work). None of claimant's medical providers indicated that claimant's hearing loss affected his ability to concentrate or comprehend. Claimant cites to some medical evidence (Doc. 10, at 17), but contrary to his assertion none of this medical evidence reflects that claimant's hearing loss adversely affected his ability to concentrate. Rather, the medical evidence relates to his ability to hear. AR 24-26. Claimant testified that he became exhausted as a result of trying to concentrate and comprehend, but the ALJ found claimant not entirely credible, after conducting an analysis pursuant to *Polaski v. Heckler*, 739 F.2d 1320 (8th Cir. 1984). AR 23-24. Claimant has not challenged the ALJ's credibility determination.

Accordingly, the court finds substantial evidence in the record as a whole supports the ALJ's residual functional capacity determination.

### *C. The vocational expert's testimony regarding claimant's past work*

Claimant argues the vocational expert's testimony was inaccurate when she testified claimant could perform past relevant work as a mechanical engineering technician, a job she said did not require hearing. Doc. 10, at 19. Claimant argues that the past work he actually performed involved meetings, making presentations, and supervising others, all activities he claims required hearing. Doc. 10, at 19-22. Claimant asserts the vocational expert did not discuss claimant's past actual duties, and concludes, therefore, that the court cannot compare the past job she testified claimant can perform with the past job he actually performed. Doc. 10, at 22-23.

The ALJ found claimant could perform his past work as claimant previously performed it and as generally performed in the national economy. AR 27. Claimant has the burden of proving he cannot perform his past relevant work. *Reed v. Sullivan*, 988 F.2d 812, 815 (8th Cir. 1993). Claimant did not object to the vocational expert's testimony at the hearing; he did not argue then that the vocational expert should have

discussed claimant's actual past duties.  This, of course, deprived the ALJ any opportunity to correct what claimant now says was error.  Regardless, claimant's argument is misplaced.

The vocational expert testified based on her expertise about the job duties of a mechanical engineering technician, as that job exists in the national economy.  AR 46-48.  Claimant does not deny he previously worked this job, and does not contest the vocational expert's opinion about what that job requires in the national economy.  Rather, claimant argues that the vocational expert should have compared the job as the claimant described he actually performed it to the description of the job in the national economy before she concluded claimant could perform his past relevant work.  That, though, is not required.

A claimant is not disabled if he is capable of performing his past relevant work either as he performed it, or as it is generally required to be performed in the national economy.  *Wagner v. Astrue*, 499 F.3d 842, 853-54 (8th Cir. 2007) (holding a claimant is not disabled if he retains the RFC to perform either the actual functional demands and job duties of a particular past relevant job; or the functional demands and job duties of the occupation as generally required by employers throughout the national economy).  *See also Lowe v. Apfel*, 226 F.3d 969, 973 (8th Cir. 2000) ("Where the claimant has the residual functional capacity to do either the specific work previously done or the same type of work as it is generally performed in the national economy, the claimant is found not to be disabled."); *Martin v. Sullivan*, 901 F.2d 650, 653 (8th Cir. 1990) (holding that a claimant who cannot perform a particular past job may still be able to perform her past relevant work under the second part of the test); SSR 82-61, 1982 WL 31387, at *2 ("A former job . . . may have involved functional demands and job duties significantly in excess of those generally required for the job by other employers throughout the national economy.  Under this test, if the claimant cannot perform the excessive functional

demands and/or job duties actually required in the former job but can perform the functional demands and job duties as generally required by employers throughout the economy, the claimant should be found to be 'not disabled.'").

Claimant's reliance on the decision in *Haines v. Apfel*, 986 F. Supp. 1212 (S.D. Iowa 1997), is unavailing. First, of course, *Haines* is non-binding precedent. Second, *Haines* is not persuasive precedent because Haines did not address the issue here. *Haines* involved what that court described as "confusing" testimony by a vocational expert regarding the claimant's residual functional capacity. *Haines*, 986 F. Supp. at 1215. The *Haines* Court concluded the ALJ's RFC finding was not supported by the record. *Haines* had nothing to do with whether a vocational expert must determine the capacity to perform past work based on how the claimant actually performed the job, versus what is required to perform the job in the national economy.

Accordingly, the court finds the ALJ's conclusion that claimant could perform past relevant work as a mechanical engineer was supported by substantial evidence in the record as a whole.

## V. CONCLUSION

After thoroughly reviewing the entire record, the court find the ALJ's decision to deny claimant's disability benefits is supported by substantial evidence on the record as a whole. Accordingly, the court **affirms** the decision of the ALJ. Judgment shall be entered for the Commissioner.

**IT IS SO ORDERED** this 16th day of June, 2016.

_____
C.J. Williams
United States Magistrate Judge
Northern District of Iowa